**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4189**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TRUE HEAVEN HEFLIN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:24-cr-00194-BHH-1)

_____

Submitted:  July 23, 2026                Decided:  July 27, 2026

_____

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  John L. Warren, III, LAW OFFICE OF BILL NETTLES, Columbia, South Carolina, for Appellant.  Carrie Fisher Sherard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

True Heaven Heflin appeals her conviction and the 300-month sentence imposed following her guilty plea to conspiracy to commit human trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (2), (b)(1), (2), (c), 1594(c).  On appeal, Heflin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the validity of Heflin's guilty plea and the reasonableness of her sentence.  Though notified of her right to do so, Heflin has not filed a pro se supplemental brief.  The Government now moves to dismiss based on the appeal waiver contained in Heflin's plea agreement.  For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo.  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver."  *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014).  A defendant validly waives her appeal rights if she agrees to the waiver "knowingly and intelligently."  *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).  "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *Thornsbury*, 670 F.3d at 537.

Our review of the record confirms that Heflin knowingly and intelligently executed the appeal waiver, the terms of which preclude her from appealing her conviction and

2

sentence in any direct appeal, save for certain exceptions that are not relevant here. Thus, we conclude that the waiver bars Heflin's challenge to the reasonableness of her sentence.

However, an appeal waiver does not preclude a defendant from raising a colorable challenge to the validity of her guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that she understands, the nature of the charges to which she is pleading guilty, any mandatory minimum penalty, the maximum penalty she faces, and the rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Heflin did not preserve any claim of error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard). Based on our review of the record, we conclude that Heflin's guilty plea was knowing, voluntary, and supported by an independent basis in fact.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment. This court requires that counsel inform Heflin, in writing, of the right to petition the Supreme Court of the United States for further review. If Heflin requests that a petition be filed, but counsel believes that such a petition would be frivolous,

3

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Heflin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*